■ In the Matter of SISTERS OF CHARITY HOSPITAL OF BUFFALO, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, Appellant. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: On administrative review (10 NYCRR 86-1.17) the Commissioner of Health affirmed the 1980 Medicaid reimbursement rate of Sisters of Charity Hospital of Buffalo ("hospital"). Special Term annulled the determination, held that the hospital was entitled to a higher rate, and awarded damages. The commissioner appeals. The record establishes a rational basis for the commissioner's determination and it should not have been disturbed (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). The hospital sought relief from the Department of Health's disallowance, in initially calculating its certified 1980 rate, of routine base-year costs attributable to average patient length of stay of more than one day in excess of the average length of stay of hospitals in the hospital's "peer group" (see 10 NYCRR 86-

1.13, 86-1.14 [c] [amd & renum Oct., 1980, currently 86-1.14 (d)]). On review, the commissioner recalculated the hospital's average length of stay excluding patient days attributable to unavailability of alternative care (i.e., shortage of nursing home space, claimed by the hospital to be the cause of its excessive average length of stay) and determined that under this method it would disallow all of the hospital's costs arising from this revised length of stay in excess of one-half day over the unchanged peer group average length of stay. Because the result of this recalculation was less advantageous to the hospital than the certified rate under review, the commissioner declined to make any revision and affirmed the original rate. We reject the argument that the commissioner's choice of one-half day as the appropriate margin to be used in appeals from rate determinations when considering the impact of lack of alternative care on a hospital's length of stay was a retroactive application of the October, 1980 revision of 10 NYCRR 86-1.14 (d) (which revision included a change from a one-day to a one-half day margin to be used in initial rate establishment). Section 86-1.14 (d) concerns rate certification in the first instance and has no bearing on the determination of applications for review of certified rates (10 NYCRR 86-1.17 [c]). The commissioner's discretionary use of a one-half day margin on review when comparing the hospital's average length of stay excluding days attributable to lack of alternative care with the peer group average length of stay including such days is reasonable. There is no merit to the hospital's other arguments including the claim that it is entitled to advance notice of the commissioner's method of determining applications for review of certified rates. (Appeal from judgment of Supreme Court, Erie County, Kramer, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.